UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SIERRA S., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00241-NT |
| | ) | |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the June 8, 2022, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 8-2).[1] The ALJ's decision tracks

---

[1] The Appeal Council granted Plaintiff's request for review. (R. 4-7.) Ultimately, the Appeals Council affirmed the reasoning of the ALJ. Defendant's final decision, therefore, is the ALJ's decision.

the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has various severe, but non-listing-level impairments, including fibromyalgia. (R. 22.)  The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform light work.  Based on the RFC finding, Plaintiff's age, education, and work experience, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of price marker, cleaner, and sandwich maker. (R. 34.) The ALJ determined, therefore, that Plaintiff was not disabled. (R. 35.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred at step 3 when he failed to compare Plaintiff's

fibromyalgia symptoms to a listing in accordance with Social Security Ruling (SSR) 12-2p. (Plaintiff's Brief at 6, ECF No. 10.) Defendant argues that the ALJ's assessment and reasoning were sufficient.

At step two, the ALJ found Plaintiff's fibromyalgia was severe. At step three, the ALJ must determine whether Plaintiff's impairments or combination of impairments medically equal a listed impairment. Because fibromyalgia is not a listed impairment, Defendant must "determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." Social Security Ruling (SSR) 12-2p, *Evaluation of Fibromyalgia* at *6 (S.S.A. July 25, 2012).

> SSR 17-2p provides in part:
>
> Generally, a statement that the individual's impairment does not medically equal a listed impairment constitutes sufficient articulation for this finding. An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.

SSR 17-2p, *Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings About Medical Equivalence* at *1, 2017 WL 3928306, at *4 (S.S.A. Mar. 27, 2017).

The ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 23.) Plaintiff contends the ALJ erred because he did not "compare [Plaintiff's

fibromyalgia] to Listing § 14.09D or any other specific listing." (Pl. Brief at 9, ECF No. 10.) While the ALJ discussed in more detail some specific listings related to some of Plaintiff's impairments, the ALJ did not discuss listing 14.09D.

In his assessment of Plaintiff's RFC, the ALJ discussed Plaintiff's fibromyalgia, its related symptoms, and Plaintiff's treatment of the symptoms in some detail. (R. 27, 31.)  The ALJ's discussion is arguably consistent with and sufficient to satisfy the requirements of both SSR 12-2p and SSR 17-2p.

The Court, however, does not have to resolve that issue in this case.  Plaintiff has failed to identify record evidence that would support a finding that Plaintiff's fibromyalgia meets or medically equals a listing.

> Pursuant to SSR 17-2p, an ALJ
>
> [m]ust base his or her decision about whether the individual's impairment medically equals a listing on the preponderance of the evidence in the record. To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:
>
> 1. A prior administrative medical finding from [state agency medical consultant or a state agency psychological consultant] from the initial or reconsideration levels supporting the medical equivalence finding, or
> 2. [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
> 3. A report from the [Appeal Council's] medical support staff supporting the medical equivalence finding.

*Id*. at *3.

Here, the state agency consultants do not support an equivalency finding.  To the contrary, the state agency consultants found that Plaintiff's fibromyalgia did not meet a

listing. In addition, there is no medical expert evidence that supports a finding that fibromyalgia equals a listing. In fact, Plaintiff relies principally on her testimony and her assessment of certain medical records, rather than medical expert evidence, to support her argument. Finally, the record lacks any evidence from the Appeals Council medical support staff that would support an equivalency finding. In short, the record does not support an equivalency finding. Accordingly, even if the Court were to construe SSR 12-2p and SSR 17-2p as requiring the ALJ to explain in more detail the bases of his step 3 finding, Plaintiff's request for relief fails.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of December, 2023.